## CHERRY v
## NORTH FAIRFIELD SAVINGS BANK CO

Ohio Appeals, 6th Dist, Huron Co

No 360.   Decided Nov 9, 1936

Martin J. Monahen, Cleveland, and Guilbert W. Martin, Norwalk, for appellant.

Carpenter & Freeman, Norwalk, for appellee.

FUNK, PJ, WASHBURN and STEVENS, JJ, (9th Dist) sitting by designation.

## OPINION

By WASHBURN, J.

The appellee, the North Fairfield Savings Bank Company, operated a small bank in a very small town, which bank was equipped with a safe but had no vault and no safety deposit boxes for rent to customers. It rented a safety deposit box in a bank in a nearby city, in which it kept some of its valuable papers and securities, and it maintained robbery and burglary insurance for its own benefit upon its bank in North Fairfield.

From the evidence in the record, the jury was justified in finding that said appellant. Jessamine Cherry, called at said bank with an envelope containing a United States Treasury certificate, belonging to her but payable to bearer; that, without informing said bank of the contents of such envelope, she handed said envelope to the cashier of the bank, who is a woman, and "asked her if she would put it in the bank for safe keeping"; that said cashier, in response to that request, "said she was willing to do it, to keep it for me"; that said bank received said envelope and placed it in the most secure part of the safe in said bank, and where it kept its valuable papers and securities while in said bank; and that said envelope so remained in said safe until a gang of·highwaymen took possession of said town and terrorized the inhabitants thereof for a period of several hours in the night season, and broke into said safe and stole said certificate and other property therein.

After said certificate was so left in said bank, and after appellant had moved from North Fairfield to the city of Cleveland, she wrote to said bank and asked that it clip the coupons from said bond, that it collect the same, and that it deposit the amount received in the bank account which appellant had in said bank at the time said certificate was delivered to the bank, at the time said request was made, and also at the time of the robbery of said bank; and the request was complied with by the bank.

After the robbery, the appellant demanded the return of said certificate, and, the bank being unable to comply with said request, the appellant started this suit; her

claim, as stated in the petition, being that, at the time of the delivery of said envelope to the bank, appellant "had an account in the defendant bank, and, in consideration of plaintiff's giving the bond to the defendant for safe keeping, the defendant was to clip the coupons on said bond, and, after 'cashing the same, place this amount to the account of plaintiff in the defendant bank. Defendant then and there received the said bond for the purpose aforesaid."

The answer of the appellee bank admitted the receipt of said envelope in which was contained said bond with other papers, but averred that at the time of said receipt the appellee was not advised of the contents of said envelope and was simply requested to place that envelope in its safe.

Appellee also admitted that it accepted said envelope, and alleged that it placed and kept the same in its safe and in the most secure and inaccessible portion thereof, and in the same place as it kept its own money and valuable papers; and that thereafter, at the request of the plaintiff, it clipped the coupons from said bond and placed the same to appellant's credit in an account which the appellant then had in said bank.

The answer of appellee also set forth the circumstances of said robbery as an excuse for not complying with the request of appellant for the return of said bond.

The trial court charged the jury that "while it is admitted that the bond was stolen from the safe or vault of the defendant bank, while in the custody and control of the defendant bank, if you are further satisfied by a preponderance of the evidence that the North Fairfield Bank exercised such care as an ordinarily prudent person would have exercised in like or similar circumstances, in the care of a thing of like character deposited with the defendant, then your verdict must be for the defendant banking company. It is only in case you find from the preponderance of the evidence that you find the defendant company failed to exercise such diligence and care in the custody and control of plaintiff's bond as a person of ordinary care, placed in similar circumstances, would ;have exercised in the care of a thing of like character, can you render a verdict for the plaintiff."

The jury returned a verdict in favor of said appellee bank, and, as a part of its verdict, answered in the affirmative the following question: "Was the United States Treasury certificate of the plaintiff, described in the petition, in the most secure part of the safe in said bank at the time of the burglary of said bank on the 15th day of December, 1934?"

The errors complained of are as follows:

1. That the verdict is not sustained by sufficient evidence, is against the weight of the evidence, and is contrary to law.

2. That the court committed error in its charge to the jury.

3. That the court erred in overruling the motion for a new trial.

The trial court did not submit the case on the theory that the appellee was a gratuitous bailee, and did not charge that it was liable for the loss of said certificate only in the event that such loss was caused by the gross negligence of appellee bank. On the contrary, the court treated the transaction as a bailment for the mutual benefit of the bailor and the bailee, and charged the bailee bank with liability for a failure to exercise ordinary care in the safe keeping of said certificate.

One of the claimed errors in the charge is that the court, instead of charging that the appellee was required to exercise ordinary care in the safe keeping of said certificate, should have charged that, if said bank failed to exercise the same care as to the safety and protection of appellant's certificate as it exercised towards its own property of similar kind and character, it was liable, and that the failure of the court to so charge constitutes prejudicial error, for which the judgment should be reversed. Such claim is made although no request was made of the court to so charge.

We do not think that the test of liability now suggested is the test which should have been applied in this case. While the failure of a bailee to take as good care of the property bailed as he takes of his own property has a bearing upon his good faith, and while it may be proper to consider the same upon the question of whether he was guilty of a failure to use ordinary care or was guilty of gross negligence, it is really merely an item of evidence bearing upon the question, and is not a yardstick by which to test his liability; and that is especially so under the circumstances that are shown by the record in this case.

The appellee bank **did** exercise the same care in reference to said certificate that it did over its own property **that it kept in the bank.** The circumstances were such that it is clearly apparent that it was in the contemplation of all the parties that said certificate should be kept at the bank, and, under such circumstances, the application of the test contended for would be

understood by an ordinary juror to mean that if the bank kept some of its property in another place, it would be liable because it did not keep said certificate in such other place; and the application of such test in this case would render the appellee liable if it insured its own property against robbery and failed to so insure appellant's certificate.

The bank would not be excused simply because it took the same care of the certificate as it took of similar securities of its own, and it would not be liable simply because it failed to take the same care of the certificate as it took of like property owned by it.

Kubli v First National Bank, 200 NW 434.
Merchants' Natioinal Bank v Carhart, 22 SE 628.

It is also urged that the trial court, although not requested so to do, should have at least charged that appellee was obligated to observe such "degree of care that a person of ordinary prudence would have used in the care of property of a similar character belonging to himself."

This contention makes liability depend upon the care usually exercised by prudent owners of property, and entirely ignores the care usually exercised by prudent persons of property entrusted to their care; it excludes consideration of the facts and circumstances under which the property was entrusted to the bailee.

To exclude consideration of the circumstances under which appellant was entrusted with the care of said property would have been especially improper and unjust in this case, for there is grave doubt in our minds whether, under the undisputed facts as shown by this record, it can be said that the bailment herein was anything more than a gratuitous bailment (Kegan v Park Bank, etc., 8 SW (2d) 858; Merchants' National Bank v Guilmartin, 15 SE 831; Gerrich v Muskegon Savings Bank, 100 NW 1000), and there is nothing in the record in this case to justify a finding that the bank was guilty of gross negligence.

But assuming that the transaction in question constituted a mutual bailment instead of a gratuitous bailment, we think that the weight of authority supports the charge of the court as given, rather than the charge as contended for by appellant.

See cases cited supra, and

**Bank v Zent, 39 Oh St 105.**

From what has been said, it is evident also that we hold that the verdict of the jury is sustained by sufficient evidence and is not against the weight of the evidence,

and is not contrary to law, and that the trial court did not err in overruling the motion for a new trial.

Complaint is made as to what the court said to the jury on the subject of burglary insurance. While the language used is not as clear as it should have been, we find no prejudicial error in reference thereto.

Considering the undisputed evidence as to the circumstances under which said certificate was delivered to said bank, we think that the trial court would have been justified in determining, as a matter of law, that the bank was not required to pay for insurance of such certificate against loss of the same by the burglary or robbery of said bank, in order to discharge its duty to exercise ordinary care for the safety of the same.

Judgment affirmed.

FUNK, PJ, WASHBURN and STEVENS, JJ, concur in judgment.

Errata:—The last two lines in the case of Cherry v North Fairfield Savings Bank Co. (above) should read "FUNK, PJ, and STEVENS, J, concur in judgment."